Curia, per

Evans, J.
Adams, as the security of Temples, is bound for any breach of the official duty of Temples, as a constable. The only evidence offered on the trial was the recovery in the case of Howard vs. Temples. There is no doubt this was admissible in an action on the official bond, and if it appears from that, that Temples did *50 collect Howard’s money as constable, it is a sufficient prima facie shewing, to cast the burden of proof on the other side. The inquiry then is, whether the record in the case of Howard vs. Temples, does establish any official default. To that action, Temples, it is said, made no appearance or defence; every allegation, therefore, necessary to maintain that action, is to be considered as admitted; and if, from that record, it appears that Temples received Howard’s money in the course of his official duty as constable, then there is no ground to disturb the verdict. By official acts, I understand those which none but an officer can perform; any one may collect money on notes, as well as a constable or a sheriff.
In the action of Howard vs. Temples, there are three counts in the declaration. The first count is in these words. “ The said John Temples, being then and there an acting constable for the said district, received from the said William H. Howard sundry notes for the payment of money, on various individuals, viz: — Whose names, with the amounts due by each, respectively, appear on the annexed bill of particulars; which said notes the said John agreed to collect according to law; by means whereof, the said John became liable to pay over the said several sums of money in the said notes mentioned, when requested.”
The second count states, “ that the said John, being an acting constable, in consideration that he had received from the said William sundry notes for the payment of money due by sundry individuals, the names of whom, and the amounts due and owing by each, will appear in the annexed bill of particulars, &c., the said John agreed to collect the said notes according to law; by reason whereof, the said John became liable to collect and pay over,” and in consideration thereof, undertook and promised to collect and pay over when requested.
In the third count it is alleged that “ the said John, as constable) heretofore, to wit, <fec., was indebted to the said William in the sum of $213 44, and interest, money had and received by the said John, as constable, to the use of the said William, on sundry notes for the payment of money, by the bill of particulars annexed, left with the said John for collection, as constable; ” and being so indebted, *51 promised to pay on request. The breach alleges the non payment of the money. With the declaration, is filed the bill of particulars, which contains a description of many notes of hand, some of which exceed the magistrate’s jurisdiction. The first and second counts charge nothing more than that certain notes were deposited with Temples, who was an acting constable, and that he promised to collect them according to law, and pay over the amount to Howard. By the promise to collect according to law, nothing more, I presume, is meant, than that he would cause them to be sued on and collected by a lawful collecting officer. The acts here stipulated to be performed, are not official acts. They might as well be performed by another as by a constable. These counts, therefore, do not charge the non performance of official duty, without which, his security, Adams, is not liable.
The third count charges nothing more than that Temples was indebted for money had and received, on sundry notes left with him for collection, as constable; which notes are set out in the bill of particulars. This allegation amounts to nothing more than that the notes were deposited with him as a constable; and upon these notes, he had collected a certain sum of money; neither the receipt of the notes, nor the collection of the money, are official acts, to bind his security. Both could as well have been performed by any other person, as by the constable. Adams’s undertaking was for the faithful performance of Temples’s duty as constable. A constable’s duty is to execute such legal process as may be delivered to him to be executed. If it had been alleged in the third count, that Temples had collected the money on executions, and had refused to pay it over, that would have been sufficient, because it was a breach of official duty. As it was, I think the record did not establish any liability on the part of the defendant, Adams. The broad ground on which this case is decided, is not expressly made by any one of the grounds, but it was the principal question argued in this court. And the grounds made in the brief, cannot be decided without deciding this also. The motion for a new trial is granted.
Butler and Warplaw, JJ. concurred.